■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v JOSEPH A. REID, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 16, 1975, convicting him of criminal possession of a controlled substance in the third and seventh degrees, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. On the record presented we hold that the jury's verdict was not repugnant. If any error was committed by the trial court in submitting the possession counts to the jury, it was waived by defendant-appellant's failure to object (see CPL 300.50, subd 1). However, the judgment convicting defendant of criminal possession of a controlled substance in the third and seventh degrees cannot stand without modification. Defendant, on the facts of this case, could not have committed the crime of criminal possession of a controlled substance in the third degree without also having committed the crime of criminal possession of a controlled substance in the seventh degree. A verdict of guilty as to the greater count is deemed a dismissal of the lesser count (CPL 300.40, subd 3, par [b]). This is so even though defendant did not request that the inclusory count be charged in the alternative (see *People v Lee,* 39 NY2d 388). Accordingly, the judgment must be modified by reversing defendant's conviction of criminal possession of a controlled substance in the seventh degree,

and the sentence imposed thereon. Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.