■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR O'FER-RALL, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Leahy, J.), imposed January 8, 1981, upon his conviction of robbery in the first degree, the sentence being an indeterminate prison term of from three to nine years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate prison term of from one to three years. As so modified, sentence affirmed. The sentence was excessive to the extent indicated. Hopkins, J. P., Margett and O'Connor, JJ., concur; Mangano, J., dissents and votes to affirm the sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD OGLESBY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered December 17, 1979, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), assault in the first degree (four counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions for assault in the first degree under counts four and seven of the indictment, and vacating the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Defendant's conviction of the intentional assault counts cannot stand as, on the facts of this case, defendant could not have committed the crimes of attempted murder in the second degree as to the complainants George Lawrence and Vivian Dennis without also having committed the crimes of assault in the first degree (Penal Law, § 120.10, subd 1) as to those individuals, and a verdict of guilty as to the greater counts is deemed a dismissal of the lesser counts (see CPL 300.40, subd 3, par [b]). The assault counts were inclusory concurrent counts (CPL 300.30, subd 4). This is so even though defendant made no request that the inclusory counts be charged in the alternative (see *People v Lee,* 39 NY2d 388, 390; *People v Reid,* 58 AD2d 611). Under the circumstances of this case, defendant's conviction of attempted murder (counts three and six) required the dismissal of the counts of assault with intent to cause serious physical injury. We have evaluated defendant's other claims and find that they do not warrant reversal. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.