OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The contentions which defendant advances as grounds for reversal of the order of the Appellate Division have not been preserved for our review. No protest was registered on trial sufficient to support the argument now made to us that prejudicial and inflammatory statements made by the prosecutor in the course of his summation constituted reversible error; the general, unelaborated “objection” was not adequate for this purpose, particularly where the associated colloquy with the court reveals that the substance of the objection was that there had been no evidence that defendant was a heroin dealer, an activity which defendant himself had conceded.
Nor was his present assertion that there can be no accessorial theory of liability for conspiracy in New York preserved. The protest that a charge under section 20.00 of the Penal Law “would be inappropriate given the nature of the charges against the defendant” did not serve to challenge the general availability of an accessorial theory of criminal liability for conspiracy under the Penal Law in the absence of any elaboration to alert the trial court to the arguments now advanced. Similarly ineffective was an exception to the trial court’s charge under section 20.00 which related to the order in which the jury should consider the counts submitted to them. Again, there was no protest to the trial court’s failure' to instruct the jury as to the mental culpability required for conviction, and no predicate for appellate review is to be found in the arguments made by defense counsel on pretrial motions.
Finally, no exceptions were taken or further requests made after the trial court’s charge as to the law of conspiracy in general and in particular as to the necessity for proof *820 of one of the overt acts alleged in the indictment (which followed requests submitted by both defense and prosecution). There was no necessity here to instruct the jury additionally or more explicitly with respect to the consideration to be given by them to taped conversations among the coconspirators, even had defendant invited the court’s attention after the charge to what he now asserts were its deficiencies.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed in a memorandum.