■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALONZO RODRIGUEZ, Also Known as ALONZO RODRIGUEZ DIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 17, 1985, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. However, as conceded by the People, criminal possession in the seventh degree is a lesser included offense which, under the circumstances of this case, should have been dismissed pursuant to CPL 300.40 (3) (b) (see, People v Holman, 117 AD2d 534; People v Reid, 58 AD2d 611).

The defendant also urges that the conviction for criminal possession of a controlled substance in the third degree should be dismissed as a noninclusory concurrent offense (see, CPL 300.40 [3] [a]; People v Evans, 70 AD2d 816; People v Gaul, 63 AD2d 563, lv denied 45 NY2d 780). However, since he did not move to dismiss this count at trial, the matter is unpreserved for appellate review.

We have considered the defendant's remaining contentions with respect to the court's failure to charge the defense of agency and the severity of the sentence imposed and find them to be without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.