■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE MELVIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 27, 1985, convicting him of attempted assault in the second degree (two counts), attempted aggravated assault upon a police officer (two counts), criminal possession of a weapon in the second degree, resisting arrest, reckless endangerment in the first degree, grand larceny in the third degree, criminal possession of stolen property in the second degree, petit larceny and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of attempted assault in the second degree (two counts), vacating the sentences imposed thereon, and dismissing counts one and two of the indictment. As so modified, the judgment is affirmed.

The defendant was charged with a number of offenses arising out of a shootout between himself and two police officers. The defendant had gained control of Police Officer Billy Nance's gun, while Nance was attempting to apprehend him for the theft of two automobile tires. As he fled, the defendant fired several shots at Officer Nance and his partner, Police Officer Milton Holmes. Officer Holmes returned the fire.

The defendant was charged in the indictment, *inter alia,* with two counts of attempted murder in the first degree and two counts of attempted aggravated assault upon a police officer. The court submitted to the jury under the attempted murder counts the lesser included offenses of attempted as-

sault in the second degree. The jury acquitted the defendant of the attempted murder counts but returned a verdict of guilty, *inter alia,* on the attempted assault and attempted aggravated assault counts.

As the People concede in their brief, the crime of attempted assault in the second degree charged under Penal Law § 120.05 (1) is a lesser included offense of attempted aggravated assault upon a police officer (Penal Law § 120.11; CPL 1.20 [37]; *People v Glover,* 57 NY2d 61, 63; *People v Gutierrez,* 105 AD2d 754). Therefore, the judgment must be modified by reversing the convictions of attempted assault in the second degree, as the guilty verdict upon the greater count of aggravated assault upon a police officer is deemed to constitute a dismissal of *every* lesser included concurrent count submitted to the jury (CPL 300.40 [3] [b]; *People v Gutierrez, supra).* The convictions under both the greater and lesser counts in issue are supported by the same criminal transactions and are, therefore, concurrent counts.

The defendant contends that the trial court's failure to charge that the police officers who testified at trial were interested witnesses constitutes reversible error. He further argues that the trial court's instructions with respect to the manner in which the jury should evaluate the evidence diluted the concept of reasonable doubt. The defendant's contentions regarding the alleged charge errors have not been preserved for appellate review as the defense counsel failed to object to the trial court's instructions and did not request curative instructions when an opportunity to do so was available *(see,* CPL 470.05 [2]; *People v Graham,* 122 AD2d 162; *People v Flores,* 113 AD2d 899).

In any event, we note that the charge on interested witnesses, as given, was balanced as to both the defense and the prosecution *(see, People v Bell,* 38 NY2d 116). Nor is a police officer an interested witness as a matter of law *(People v Holmes,* 117 AD2d 480, 484; *People v Simpson,* 99 AD2d 555, 556). We further note that the charge, viewed in its entirety, conveyed the applicable law governing the jury's deliberations *(see, People v Smith,* 113 AD2d 905, 908). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.