■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY STANLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered December 3, 1984, convicting him of manslaughter in the first degree, manslaughter in the second degree, criminal use of a firearm in the first degree and criminal

possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People, we find that the evidence is sufficient as a matter of law to support the defendant's conviction of the crimes charged (see, People v Lewis, 64 NY2d 1111). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, we find that the trial court properly warned one of the People's witnesses that he was subjecting himself to possible perjury or contempt charges due to his frequent lack of recall at trial (see, People v Gottfried, 61 NY2d 617; People v Lee, 58 NY2d 773). We reject the defendant's contention that these admonitions coupled with the trial court's allowing the witness to return to testify several days later denied the defendant a fair trial (cf., Webb v Texas, 409 US 95; People v Ramos, 63 AD2d 1009).

The defendant contends that his conviction of the crime of criminal possession of a weapon in the third degree (see, Penal Law § 265.02 [4]) cannot be permitted to stand together with his conviction of criminal use of a firearm in the first degree (see, Penal Law § 265.09 [1]) and that his conviction of manslaughter in the second degree (see, Penal Law § 125.15 [1]) cannot be permitted to stand with his conviction of manslaughter in the first degree because they are inclusory concurrent counts (see, Penal Law § 125.20 [1]). However, the defendant has failed to preserve these contentions for appellate review (see, People v Josey, 131 AD2d 699).

Our review of the record indicates that the court fairly marshaled the evidence (see, People v Owens, 69 NY2d 585, 591). Also, the defendant's claim that his sentence was excessive is without merit (see, People v Suitte, 90 AD2d 80, 85). Finally, we have reviewed the defendant's remaining contention and find it to be without merit. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.