■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GOMEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 2, 1986, convicting him of burglary in the second degree, criminal mischief in the fourth degree and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings upon for review the denial, after a hearing (Gallagher, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The evidence established that there was probable cause for the defendant's arrest. There was no prearranged confrontation for the purpose of establishing his identity as the perpetrator (see, People v Pipia, 115 AD2d 782, lv denied 67 NY2d 888).

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant contends that various errors in the court's charge deprived him of a fair trial. In view of the evidence, we find no error in the court's refusal to charge criminal trespass in the second degree as a lesser included offense (see, People v Glover, 57 NY2d 61). The court marshaled the evidence in an evenhanded manner and was not required to point out all the defendant's contentions and the inconsistencies in the testimony (see, People v Saunders, 64 NY2d 665).

The court did not err in refusing to charge that the police officers were interested witnesses as a matter of law (see, People v Melvin, 128 AD2d 647; People v Suarez, 125 AD2d 350, lv denied 69 NY2d 750). However, since the court charged that the defendant was an interested witness, it should have noted the potential interest of one of the police officers in the outcome of the case. Nevertheless, this error was harmless. The court instructed the jury generally on interested witnesses and advised the jury that the testimony of police officers was subject to the same standards of scrutiny as that of other witnesses. In addition, the jury had been made aware of a complaint pending against that officer with respect to this case (see, e.g., People v Holmes, 117 AD2d 480, lv denied 68 NY2d 757).

The defendant further contends that he was deprived of a fair trial by the prosecutor's violation of the court's Sandoval ruling. Although prohibited from eliciting that the defendant's 1980 conviction involved a burglary, the prosecutor nevertheless, on cross-examination, asked him if he was arrested for a burglary. While we do not condone the prosecutor's conduct, we note that the defense counsel failed to object to this question during cross-examination and failed to request that the court give limiting instructions to the jury. In view of the overwhelming proof of guilt, we find that the error was harmless and a reversal in the interest of justice is not warranted (see, People v Crimmins, 36 NY2d 230).

The sentence imposed upon the defendant was not an abuse of discretion. We find that the defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.