■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 20, 1984, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After reviewing a videotaped confession by the defendant, in which he implicated himself in the attempted robbery that led to the death of one of the victims, as well as the record of the *Huntley* hearing, we conclude that the trial court's finding that the statement was voluntarily made is supported by the evidence and need not be disturbed *(see, People v Smith,* 111 AD2d 883).

The defendant claims that the court gave an unbalanced interested witness charge by failing to charge that the People's witnesses were interested, while charging that he was interested as a matter of law. The People correctly assert that the defendant has failed to preserve this claim for appellate review because he failed to object to the charge or request any curative instructions *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, the claim is without merit. The court properly charged the jury that the defendant was an interested witness as a matter of law *(see, People v Melvin,* 128 AD2d 647; 1 CJI[NY] 7.03). The court did not charge the jury that the People's witnesses were interested as a matter of law, but there is no requirement that a trial court so instruct the jury *(see, People v Suarez,* 125 AD2d 350). The court did charge that the jury may find, if they so chose, that the People's witnesses were actuated by bias or interest. Such a charge, indicating that the People's witnesses might be interested as well, in conjunction with the charge that the defendant is interested as a matter of law, is properly balanced *(see, People v Curcio,* 148 AD2d 627).

We reject the defendant's claim that he was deprived of the effective assistance of counsel, inasmuch as we find that, on the record presently before us, the defendant was afforded

meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

Finally, we have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find that they do not warrant reversal. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.