█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY POE, Appellant.—

The defendant contends that his conviction of assault in the second degree must be reversed and that count of the indictment dismissed as a lesser included offense of the crime of robbery in the second degree of which he also stands convicted. Having failed to raise this issue before the Supreme Court, Kings County, the defendant has not preserved it for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction (see, People v Stanley, 133 AD2d 654; People v Josey, 131 AD2d 699).

We further conclude that the evidence of physical injury to the victim was sufficient to support the defendant's conviction of robbery in the second degree and assault in the second and third degrees. The evidence established that the defendant and two other unapprehended individuals accosted the slightly built, 63-year-old victim from behind, knocked and punched him to the ground and proceeded to swing him around by his belt, slam him into the ground, and hit and kick him about his face and chest. The victim's eyes were blackened and swollen and he was bleeding and bruised and complaining of chest pain when he was admitted for treatment at the emergency room of a local hospital. The hospital record which was admitted into evidence at trial indicated that X rays of the victim's face and chest were ordered and a pain killer prescribed. One of the eyewitnesses described the victim's face

after the beating as looking "like Rocky". From this evidence the jury could properly infer that the complainant suffered substantial pain *(see, People v Hope,* 128 AD2d 638) and that the victim suffered physical injury within the meaning of Penal Law § 10.00 (9) *(see, Matter of Ramon M.,* 109 AD2d 882, 883; *cf., Matter of Phillip A.,* 49 NY2d 198, 200).

Lastly, in view of the serious nature of the offenses and the brutality with which they were executed, we cannot say that the trial court improvidently exercised its discretion in denying youthful offender treatment *(see, People v Marsh,* 125 AD2d 714; *People v Williams,* 124 AD2d 615; *cf., People v Cruickshank,* 105 AD2d 325, 333-336, *affd* 67 NY2d 625). Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.