■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTINE MARTIN, Appellant.—Judgment of the Supreme Court, New York County (Richard Lowe, J.), rendered June 28, 1989, convicting defendant, after a jury trial, of assault in the first degree and sentencing her to an indeterminate prison term of 3 to 9 years, unanimously affirmed, and the case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

On November 20, 1988, defendant, a correction officer, shot Esam Moustaffa in the leg during a traffic altercation resulting from her blocking of traffic when she double-parked her car.

The failure of the People to give notice of their intent to introduce certain statements made by defendant (i.e., "It is my gun" and "I'm on the job"), pursuant to CPL 710.30, constituted harmless error. The statements had no impact on the proof at trial since there was no issue as to whom the gun belonged.

Although the court initially stated in its charge on the issue of justification that "a person may use deadly physical force

which was used in this case", the court later advised the jury that it had misspoken, and that it was up to the jury to decide if deadly physical force had been used. Furthermore, there was no requirement that the trial court marshal the evidence supporting the justification defense. CPL 300.10 only requires the trial court to state the material legal principles applicable to the case and so far as practicable explain the application of the law to the facts.

It was not necessary for the complainant to be charged as an interested witness as a matter of law because he filed a civil action. This evidence was before the jury which was charged to consider "whether any witness has shown bias or prejudices or has a personal or professional interest in the outcome of the case which might cause that witness to testify to something other than the truth or to color or embellish his testimony." *(See, People v Gomez,* 137 AD2d 556, 557, *lv denied* 71 NY2d 896.)

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.