■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDRO VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered January 9, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree. As the People concede, criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal posses-

sion of a controlled substance in the third degree, and under the circumstances of this case, the former should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Rodriguez,* 126 AD2d 681; *People v Reid,* 58 AD2d 611).

Contrary to the defendant's contention, certain of the prosecutor's remarks constituted proper response to defense counsel's summation remarks, which attacked the credibility of the police officers *(see, People v Anthony,* 24 NY2d 696, 703; *People v Seldon,* 128 AD2d 742), and were fair comment on the evidence *(see, People v Ashwal,* 39 NY2d 105, 109). While one of the prosecutor's remarks might have been better left unsaid, when viewed in the context of the entire summation, and the trial, it was harmless error *(see, People v Galloway,* 54 NY2d 396, 401).

The defendant has failed to preserve for appellate review his claim of error regarding the trial court's supplemental instruction concerning sequestration of the jury, since he neither objected to the supplemental instruction nor thereafter requested an additional charge *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). We note in any event, the trial court's statements, which merely informed the jurors in an impartial and neutral manner that they would be sequestered for the evening, since a "verdict [was] not imminent", did not constitute, under the circumstances present, an attempt to coerce or compel the jury to reach a prompt verdict *(see, People v Pagan,* 45 NY2d 725; *People v Sharff,* 38 NY2d 751, 753).

Finally, the sentence imposed cannot be termed excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.