■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN HERBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 24, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the trial court gave an unbalanced interested witness charge by failing to charge that the People's witnesses were interested, while charging that he was interested as a matter of law. However, the defendant failed to preserve this claim for appellate review since he neither objected to the charge as given nor requested curative instructions (see, CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818). In any event, the trial court properly charged the jury that the defendant was an interested witness as a matter of law (see, *People v Wilson*, 154 AD2d 566). While the trial court did not charge the jury that the People's witnesses were interested as a matter of law, there is no requirement that a trial court so instruct the jury (see, *People v Suarez*, 125 AD2d 350). Indeed, since the trial court indicated that the jurors could find, if they so chose, that the People's witnesses were affected by bias or interest, the charge was properly balanced (see, *People v Wilson, supra*).

Furthermore, the defendant's contention that his convictions of criminal possession of a controlled substance in the third and seventh degrees should be dismissed pursuant to CPL 300.40 (3) (a) and (b), is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Nuccie, supra; People v Poe*, 158 AD2d 558; *People v Stanley*, 133 AD2d 654) and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's claims of prosecutorial misconduct are either unpreserved for appellate review (CPL 470.05 [2]; *People v Nuccie*, 57 NY2d 818, *supra*), or without merit.

We find that the sentences imposed are not excessive (see, *People v Suitte*, 90 AD2d 80). Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.