■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 6, 1989, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victim, a police department employee, was accosted as she exited a bus on her way home from work at 1:30 A.M. by an individual she unequivocally identified as defendant. The defendant stopped her under a street light where the two stood face to face and where the victim scolded the defendant and put her finger in his face. Following a struggle during which the defendant obtained the victim's work bag, the victim walked away toward her home. However, the defendant again accosted her at her front door, dragged her down the stairs to her front porch, and pulled on her purse, taking it when the strap finally broke. The victim later identified the defendant from a lineup.

The defendant contends that he was deprived of a fair trial when a police officer made comments during the course of trial testimony which, the defendant asserts, improperly bol-

stered the victim's identification testimony *(see, People v Trowbridge,* 305 NY 471). In two of the three instances cited by defendant, however, the court issued curative instructions. Moreover, while the court erroneously overruled defense counsel's objection to a third comment which may have implicitly bolstered the victim's testimony, in light of the ample opportunity to observe the defendant during the course of the two encounters, and the strength of the victim's trial testimony, we conclude that there is no significant probability that the jury would have acquitted the defendant had the bolstering not occurred *(see, People v Johnson,* 57 NY2d 969; *see also, People v Mobley,* 56 NY2d 584).

The defendant's contention that his conviction of robbery in the third degree should be reversed and dismissed *(see,* CPL 300.40 [3] [a], [b]) is unpreserved for our review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Herbert,* 182 AD2d 639). We decline to reach that issue in the exercise of our interest of justice jurisdiction. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.