■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY STEADMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 19, 1990, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, along with three codefendants, was charged with two counts of murder in the second degree in connection

with the shooting death of Maxcine Peterson in her home. The first count charged him with intentional murder, and the second count charged him with depraved indifference murder in that "under circumstances evincing a depraved indifference to human life, [he] engaged in conduct which created a grave risk of death to Maxcine Peterson by firing numerous shots from loaded firearms into a home occupied by Maxcine Peterson thereby causing [her] death". All four defendants were tried jointly *(see, People v Blair,* 186 AD2d 665 [decided herewith]) and were acquitted of both counts of murder in the second degree. They were convicted of reckless manslaughter as a lesser-included count of depraved indifference murder.

On appeal, the defendant contends that his conviction should be reversed, as the People submitted evidence which changed their original theory of the case, thereby constructively amending the indictment and denying him the opportunity to prepare a defense. According to the defendant, the indictment reflects the People's original theory that the defendant and his codefendants intended to kill Peterson. However, at trial, evidence was presented that the attack might have been an act of retaliation against other persons present in the Peterson house. We need not reach the issue of whether the proof presented at trial impermissibly altered the theory of the prosecution with respect to the intentional murder count as the defendant was acquitted of that charge. This issue is unpreserved for appellate review with respect to the second count of the indictment, charging the defendant with "depraved indifference" murder, since the defendant did not argue in the trial court that the evidence changed the theory of the prosecution with respect to that count *(see, People v Nuccie,* 57 NY2d 818; *People v Udzinski,* 146 AD2d 245). In any event, we find that the contention is without merit as the indictment provided the defendant with fair notice of the allegations against him, and the evidence presented by the People regarding a motive for the shooting did not serve to contradict the factual allegations of the second count of the indictment *(see generally, People v Grega,* 72 NY2d 489).

The defendant also contends that the People failed to prove his guilt beyond a reasonable doubt because the testimony of the sole eyewitness was unreliable. Furthermore, he maintains that the witness had a strong motive to testify favorably to the prosecution because of an agreement on the disposition of his pending criminal charges. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish

the defendant's guilt beyond a reasonable doubt. The witness testified that he observed the shooting from a nearby house and identified the defendant, whom he had known for about nine years, as one of the participants. In addition, Peterson's son testified that one of the codefendants, Raymond Blair, stood across the street from the Peterson home about two weeks prior to the shooting and said "I murder you all and I mess up your house". The terms of the eyewitness's agreement with the People concerning his pending criminal cases were presented to the jury, and defense counsel argued vigorously on summation that his testimony was unworthy of belief. The resolution of issues of credibility is a matter for the jury *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the remaining issues raised by the defendant do not warrant reversal of his conviction *(see, People v Blair,* 186 AD2d 665, *supra* [decided herewith]). Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.