◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL BUTLER, Appellant. [596 NYS2d 93] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered January 14, 1991, convicting him of criminal possession of a weapon in the third degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The charges arose out of an incident that occurred at the Edgemere Housing Projects located in Rockaway, Queens County, in which the defendant was observed by a police officer dropping a loaded .38 caliber firearm to the ground. The officer recovered the firearm and saw that the gun's serial number had been removed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The prosecution clearly established that the defendant knowingly possessed a loaded firearm which had been defaced. Moreover, issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant however, is correct in his assertion that his conviction of criminal possession of a weapon in the fourth degree must be dismissed pursuant to CPL 300.40 (3) (b).

Specifically, CPL 300.40 (3) (b) provides as follows: "With respect to inclusory concurrent counts, the court must submit the greatest or inclusive count and may or must, under circumstances prescribed in section 300.50, also submit, but in the alternative only, one or more of the lesser included counts. *A verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted"* (emphasis supplied).

In *People v Lee* (39 NY2d 388), the Court of Appeals dismissed a lesser inclusory concurrent count pursuant to CPL 300.40 (3) (b), even though the issue was not preserved for

appellate review. In *People v Reid* (58 AD2d 611), this Court, relying on *People v Lee (supra)*, dismissed a lesser inclusory concurrent count pursuant to CPL 300.40 (3) (b), "on the law", although the issue was not preserved for appellate review *(see also, People v Velasquez,* 178 AD2d 451; *People v Rodriguez,* 126 AD2d 681). To the extent that prior decisions of this Court have held that preservation of this issue is necessary to obtain appropriate relief on the law *(see, e.g., People v Jones,* 186 AD2d 585; *People v Herbert,* 182 AD2d 639; *People v Poe,* 158 AD2d 558; *People v Stanley,* 133 AD2d 654; *People v Josey,* 131 AD2d 699), they are hereby overruled.

Finally, we find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.