■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DELACRUZ, Appellant. [599 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 17, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal facilitation in the fourth degree, after a nonjury trial, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

For a span of over two hours, Police Officer Guarascio, who was stationed at a hidden observation point and using 10 × 50 binoculars, observed the actions of the defendant and two associates, Martinez and Morales, in and around a "bodega". During this period, on approximately 40 occasions, Guarascio observed people approach Morales, engage in a brief discussion, hand her some money, and receive glassine envelopes from her. Morales would hand the money to the defendant who would then hand the money to Martinez.

At the conclusion of his watch, just before 1:00 P.M., Guarascio observed Martinez hand the defendant a large white envelope with a red stripe. The defendant removed some glassine packets from the white envelope and handed them to Morales. Guarascio then saw Thomas Davis, who was later apprehended, hand money to Morales in return for a quantity of glassine envelopes. Guarascio radioed a description of the defendant to his backup team who then arrested the defendant. During the entire incident, Guarascio had an unobstructed view of the defendant, of whom he never lost sight.

The defendant contends that the police did not have probable cause to arrest him. This, contention, however, is not preserved for appellate review *(see, People v Nuccie,* 57 NY2d 818; *People v Medina,* 53 NY2d 951). In any event, and contrary to the defendant's contentions, the arresting officer had probable cause to arrest the defendant based on the description communicated to him by Guarascio *(see, People v White,* 117 AD2d 127, 131). Since Guarascio testified at the *Mapp* hearing, the reliability of that communication was confirmed. "[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" *(People v Prochilo,* 41 NY2d 759, 761). We find that the hearing court's determination was clearly supported by the record and, as such, we will not disturb it *(see, People v Prochilo, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Rosenblatt and Miller, JJ., concur.