■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO PEREDA, Appellant. [607 NYS2d 98] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), dated March 1, 1993, convicting him of rape in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the County Court correctly determined that after he invoked his right to counsel, his statements to the police were volunteered, and were not the result of interrogation or its functional equivalent *(see, People v Rivers,* 56 NY2d 476, 479). Accordingly, the County Court properly denied that branch of the defendant's motion which was to suppress his post-arrest statements.

Furthermore, at the trial, the County Court properly limited the cross-examination of one complainant concerning whether or not the defendant prescribed the drug Restoril to the complainant's husband some two or three years prior to the crime as being too remote and conjectural *(see, People v Feldman,* 299 NY 153, 168-170; *People v Williams,* 188 AD2d 382; *People v Arthur,* 186 AD2d 661; *People v Frejomil,* 184 AD2d 524, 525; *People v Martinez,* 177 AD2d 600, 601). Although the defendant's right to cross-examine is protected by the Constitution *(see,* US Const 6th Amend; NY Const, art I, § 6), trial courts retain wide discretion to limit cross-examination " 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant' " *(People v Ashner,* 190 AD2d 238, 246, quoting *Delaware v Van Arsdall,* 475 US 673, 679). Whether evidence is "too remote"—*i.e.,* whether it is proximately relevant to some fact in issue—is a question for the court *(People v Feldman,* 299 NY 153, 169, *supra).*

Finally, the County Court appropriately denied the defendant's request to charge the jury that the complainants were interested witnesses as a matter of law. Evidence of the complainants' civil lawsuits was before the jury, and the jury was charged to consider "the interest or lack of interest of any witness in the outcome of the case" which might cause the witness "who may benefit or lose, based on the outcome of the case, [to] intentionally or otherwise, color his or her testimony" *(see, People v Martin,* 168 AD2d 221, 222; *see also, People v Gomez,* 137 AD2d 556, 557).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Love,* 57 NY2d 1023, 1025), or do not require reversal in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Brown,* 115 AD2d 485, 486; *People v Suitte,* 90 AD2d 80). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.