■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERON DRAKE, Appellant. [611 NYS2d 904] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered January 6, 1992, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial by virtue of the court's allegedly improper charge to the jury regarding the chain of custody of the vials of crack cocaine recovered from his person. The defendant contends that the court improperly instructed the jury that the vials were, in fact, recovered from him upon a strip search at police headquarters, and that the charge thus negated his defense at trial that the police had framed him. We disagree.

The court clearly stated that it was the allegation of the prosecution that the drugs were found on the defendant's person. Moreover, the court's instruction to the jury with respect to the chain of custody, when read in its entirety, adequately conveyed the proper standards to be applied by the jury in arriving at its verdict (see, People v Cole, 185 AD2d 893; cf., People v Lopez, 177 AD2d 510, 511).

The defendant's contention that the court's instructions to the jury regarding the credibility of the witnesses were unbalanced is unpreserved for appellate review (see, CPL 470.05 [2]; People v Nuccie, 57 NY2d 818; People v Herbert, 182 AD2d 639, 640; People v Wilson, 154 AD2d 566). In any event, though the court should have more thoroughly noted the potential interest of the arresting officer after instructing the jury that the defendant was an interested witness as a matter of law (see, People v Gomez, 137 AD2d 556, 557; People v Hogue, 139 AD2d 835), any error committed in this vein was harmless. The court instructed the jury generally on interested witnesses and advised the jury that the testimony of the police-officer witnesses was subject to the same standards of scrutiny as that of other witnesses. In addition, by virtue of the defendant's testimony, the jury was aware of the civilian complaints that he had allegedly filed against the arresting officer as a result of their previous encounters (see, People v Gomez, supra; People v Curcio, 148 AD2d 627; cf., People v Herbert, 182 AD2d 639, supra; People v Wilson, 154 AD2d 566, supra).

Contrary to the defendant's contention, we find that the court properly refused his request to subpoena his probation officer. We agree with the defendant, however, that the prosecutor exceeded the bounds of propriety by exploiting this ruling in his cross-examination of the defendant. The prosecutor's conduct, while deserving of criticism, constitutes unpreserved error which does not, under the circumstances of this case, warrant reversal in the interest of justice.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.