OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant, an emergency medical technician, was charged with touching the private parts of the female complainant while she was being taken by ambulance to a hospital. Essentially, the jury was presented with issues of credibility, and their guilty verdicts were amply supported by evidence establishing guilt beyond a reasonable doubt.
Defendant asserts that the trial court erred when it precluded him from inquiring into the amount of damages complainant was seeking in a civil suit related to the subject incident. We initially note that it was indeed incumbent upon the trial court to permit cross-examination of complainant concerning the existence of said suit (People v Bruno, 77 AD2d 922, 923). The extent of cross-examination in this regard, on the other hand, was a matter for the court’s sound discretion (Fisch, New York Evidence § 469 [2d ed]), and there was no abuse of discretion when the court allowed evidence regarding the suit itself while disallowing evidence regarding the amount of damages being sought.
Defendant further contends that the trial court erred in denying his request to charge the jury that complainant was an interested witness. There are cases holding that it constitutes error to charge that a defendant should be considered an interested witness without also charging under certain circumstances that the principal complainant be considered such (People v Ingrassia, 118 AD2d 587, 588; People v Brabham, 77 AD2d 626; People v Russillo, 65 AD2d 608; People v Srbu, 51 AD2d 978, 979). In a more recent case, however, it was held not to be crucial that the complainant be identified in the charge as an interested witness as a matter of law because of his filing of a civil action, where the jury was instructed to *741 consider " 'whether any witness has shown bias or prejudices or has a personal or professional interest in the outcome of the case which might cause that witness to testify to something other than the truth or to color or embellish his testimony’ ” (People v Martin, 168 AD2d 221, 222, lv denied 77 NY2d 997 [emphasis added]; see also, People v Agosto, 73 NY2d 963, 967; People v Pizarro, 190 AD2d 634, lv denied 81 NY2d 1018; People v Gomez, 137 AD2d 556, 557, lv denied 71 NY2d 896). In the case at bar, the court gave similar instructions when it stated, "If he [a witness] is interested in the outcome of the trial on one side or the other, you may consider such interest in determining how much credit or weight you will give to his testimony” (emphasis added), and, "A witness is an interested witness where by reason of relationship, friendship, antagonism or prejudice in favor of or against one party or the other, his testimony in your judgment is biased, or likely to be biased, towards the side he favors” (emphasis added). Upon the entire record, the convictions should not be disturbed.
Kassoff, P. J., Aronin and Patterson, JJ., concur.