■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE CLAYTON, Appellant. [637 NYS2d 742] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered July 25, 1994, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that it was not established beyond a reasonable doubt that he shot the victim. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that he was denied his right to impeach certain witnesses. While the credibility of a witness can generally be attacked by showing an inconsistency be-

tween the trial testimony of that witness and what he or she has said on previous occasions, such testimony is often collateral to the ultimate issue before the jury and bears only on the credibility of the witness. Such a situation existed here. Therefore, the admissibility of this testimony is entrusted to the sound discretion of the trial court *(see, People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910). Here, the impeachment testimony was clearly collateral to the guilt or innocence of the defendant and was properly limited.

The defendant's contention that the court improperly limited readback of testimony to the jury is without merit. His further contention that reversal is required as a result of the prosecutor's comments in summation is unpreserved for appellate review *(see,* CPL 470. 05 [2]; *People v Balls,* 69 NY2d 641; *People v Nuccie,* 57 NY2d 818) and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

Finally, the sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.