■ The People of the State of New York, Respondent, v Saturnino Manual Carlos Ela, Appellant. [640 NYS2d 799] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered January 11, 1995, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the court improperly issued at sentencing a permanent order of protection in favor of the victim because such order of protection had not been a part of the plea agreement. Since the defendant failed to object to the issuance of the order of protection at sentencing, this contention is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, an order of protection may be issued independent of a plea agreement (see, CPL 530.13 [4]; People v Oliver, 182 AD2d 716). Miller, J. P., Joy, Hart and Krausman, JJ., concur.

■ The People of the State of New York, Respondent, v Abel Elias, Appellant. [640 NYS2d 799] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered April 28, 1994, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims of error regarding the trial court's interested-witness charge and the portion of the charge regarding evidence of flight are not preserved for appellate review, since he neither objected to the charge as given nor requested curative instructions (see, People v Gray, 86 NY2d 10, 19; People v Nuccie, 57 NY2d 818; People v Baez, 208 AD2d 551; People v Wilson, 154 AD2d 566). In any event, the court appropriately instructed the jury on the weight to be given to the evidence of flight. The trial court's charge that, as a matter of law, the police officers were not interested witnesses was also not erroneous (see, People v Holly, 184 AD2d 581; People v Melvin, 128 AD2d 647; People v Holmes, 117 AD2d 480).

The sentence was not excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.