■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL SMITH, Appellant. [658 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 26, 1993, convicting him of sexual abuse in the first degree (two counts), unlawful imprisonment in the second degree, official misconduct, attempted unlawful imprisonment in the first degree, and menacing in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence before the jury established that, on two different occasions, the defendant, an off-duty police officer, while driving his car, approached a woman (hereinafter Complainant No. 1) and demanded that she get into his car. Complainant No. 1, who had seen a gun in the defendant's hand on at least one of the occasions, ran home on both occasions. The defendant contends that he was at home with his mother when the first crime was taking place and that he was with a friend when the second crime was taking place. A short time after these incidents, the defendant, while wearing his police officer's uniform, sexually abused another woman (hereinafter Complainant No. 2) at the Staten Island Ferry. After this incident, Complainant No. 2 filed a civil suit against the City of New York.

The defendant has not preserved for appellate review his contentions that the trial court's delivery of a missing witness charge with reference to his mother and his friend was erroneous, and that the interested witness charge was unbalanced. In any event, these contentions are without merit (see, CPL 470.05 [2]; People v Herbert, 182 AD2d 639).

The trial court properly gave missing witness charges as to the defendant's mother and his friend, neither of whom was called to testify on the defendant's behalf. Contrary to the defendant's contention, his testimony tended to establish an alibi defense and hence, should be treated as such (see, People v Morales, 126 AD2d 575). Although a defendant has no burden to come forward with alibi evidence, once he does so, his failure to call available witnesses to support his alibi can be brought to the attention of the jury, inasmuch as it appeared that the witnesses would be favorable to the defense and their testimony would not be trivial or cumulative (see, People v Wilson, 64 NY2d 634; People v Morales, supra).

There is no merit to the defendant's claim that the trial court delivered an unbalanced interested witness charge, insofar as it instructed the jury that the defendant may be considered an interested witness, yet failed to give such a charge with respect to Complainant No. 2, one of the prosecution's main witnesses (see, People v Herbert, 182 AD2d 639, supra). Evidence of Complainant No. 2's civil lawsuit was before the jury, and the jury was charged to consider a witness's relationship to the case and the motive a witness may have for testifying truthfully or falsely (see, People v Pereda, 200 AD2d 774; People v Martin, 168 AD2d 221). Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.