■ GRENVILLE OWNER's CORP., Appellant, v JOHN HANGLOW et al., Respondents, et al., Defendant. [658 NYS2d 627] —Judgment, Supreme Court, New York County (Stuart Cohen, J.), entered October 21, 1996, dismissing the complaint, and bringing up for review an order, entered October 10, 1996, which granted defendants' motion for summary judgment dismissing the complaint and for summary judgment as to liability on their claims for indemnification, unanimously affirmed, with costs.

This action by a cooperative housing corporation against its former directors for misappropriation of corporate funds was properly dismissed on the ground that plaintiff cannot repudiate the releases it gave its former directors in connection with the settlement of the mortgage foreclosure action that plaintiff's present principal had brought against it, having accepted all the benefits given to it under the settlement even after discovery of the alleged fraud that it claims vitiates the releases (*see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.*, 88 AD2d 461, 466), and even now continuing to reaffirm the settlement. Having prevailed in the action, defendants are entitled to indemnification for their reasonable expenses under plaintiff's by-laws (Business Corporation Law § 723 [a]). Concur—Sullivan, J. P., Milonas, Williams and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES THEODORE COLEMAN, Appellant. [659 NYS2d 754] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered June 19, 1995, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's challenge to the court's instruction on criminal facilitation as a possible intended crime, satisfying the element of intent to commit a crime under attempted burglary, is unpreserved (*see, People v Nuccie*, 57 NY2d 818, 819), and, in any event, without merit since the charge as a whole conveyed the proper standard (*People v Coleman*, 70 NY2d 817).

We perceive no abuse of sentencing discretion. Concur— Sullivan, J. P., Milonas, Williams and Tom, JJ.