■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MILLER, Appellant. [698 NYS2d 892] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Irizzary, J.), rendered July 2, 1997, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, attempted robbery in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions for attempted robbery in the third degree and criminal possession of a weapon in the fourth degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of attempted robbery in the first and second degrees, criminal possession of a weapon in the second and third degrees, and attempted grand larceny in the fourth degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

As the People correctly concede, the crime of attempted robbery in the third degree is a lesser-included offense of the crimes of attempted robbery in the first and second degrees (*see, Matter of Tonia B.,* 239 AD2d 572, 573; *People v Gethers,*

212 AD2d 544), and criminal possession of a weapon in the fourth degree is a lesser-included offense of criminal possession of a weapon in the third degree (*see, People v Menchetti,* 76 NY2d 473, 478; *People v Rivera,* 181 AD2d 925; *People v Perez,* 128 AD2d 410, 411). Accordingly, upon his conviction of the crimes of attempted robbery in the first and second degrees and criminal possession of a weapon in the third degree, the lesser-included counts should have been dismissed (*see,* CPL 300.40 [3] [b]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Young,* 249 AD2d 576, 578; *People v Smith,* 240 AD2d 600, 601; *People v Bosket,* 216 AD2d 791, 793; *People v Herbert,* 182 AD2d 639, 640). Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.