■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX FERNANDEZ, Appellant. [776 NYS2d 512]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 10, 2001, convicting him of murder in the second degree (two counts), robbery in the first

degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885 [1991]; *People v Nuccie,* 57 NY2d 818 [1982]). In any event, the comments alleged to be inflammatory and prejudicial were either fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]) or responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]).

The defendant contends that he was denied the effective assistance of counsel at the trial. However, to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that the defense counsel rendered effective assistance (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Myers,* 220 AD2d 461 [1995]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (*see People v Myers, supra*).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.