■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LI, Appellant. [782 NYS2d 379]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 4, 2003, convicting him of robbery in the first degree, assault in the first degree, robbery in the second degree, and criminal possession of weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885 [1991]; *People v Nuccie,* 57 NY2d 818 [1982]). In any event, the comments alleged to be inflammatory and prejudicial either were fair comment on the evidence (*see People v Ashwal,* 39 NY2d 105 [1976]) or responsive to arguments presented in the defense counsel's summation (*see People v Galloway,* 54 NY2d 396 [1981]).

The defendant contends that he was denied the effective assistance of counsel at trial. However, to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that the defense counsel rendered effective assistance (*see People v Baldi,* 54 NY2d 137 [1981]; *People v Myers,* 220 AD2d 461 [1995]). After a review of the record in its entirety and without giving undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (*see People v Myers, supra*).

The defendant's remaining contentions are without merit or do not require reversal. Ritter, J.P., Krausman, Goldstein and Lifson, JJ., concur.