■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RIVERA, Appellant. [810 NYS2d 334]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered September 9, 2003, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant has not preserved for appellate review his contention that the jury charge regarding interested witnesses was unbalanced (see CPL 470.05 [2]; People v Udzinski, 146 AD2d 245 [1989]). In any event, the trial court's charge adequately conveyed to the jury the appropriate standard for evaluating the witnesses' testimony (see People v Inniss, 83 NY2d 653, 658-659 [1994]; People v Agosto, 73 NY2d 963, 967 [1989]; People v Rivera, 307 AD2d 369 [2003]; People v Johnson, 284 AD2d 344 [2001]; People v Oberhauser, 272 AD2d 559 [2000]; People v Smith, 240 AD2d 600 [1997]).

However, pursuant to CPL 720.20 (1), the sentencing court has a statutory obligation to determine, on the record, whether an eligible youth should be afforded youthful offender treatment when, as here, the issue was properly raised (see People v Martinez, 301 AD2d 615 [2003]). The sentencing court failed to adequately place on the record its reasons for denying the defendant youthful offender status. Therefore, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after determining if the defendant should be sentenced as a youthful offender. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.

The defendant's remaining contention is without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.