■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENERAL WAITERS, Appellant. [943 NYS2d 589]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered June 2, 2008, convicting him of murder in the second degree, attempted murder in the second degree, and assault in the first degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree, and determinate terms of 25 years imprisonment on his conviction of attempted murder in

the second degree to be followed by a period of five years' postrelease supervision, 25 years imprisonment on his conviction of assault in the first degree under count four of the indictment to be followed by a period of five years' postrelease supervision, and five years' imprisonment on his conviction of assault in the first degree under count five of the indictment to be followed by a period of five years' postrelease supervision, with all sentences to run consecutively.

Ordered that the judgment is modified, on the law, by directing that the sentences for attempted murder in the second degree and assault in the first degree under count five of the indictment run concurrently with each other and concurrently with the sentences for murder in the second degree and assault in the first degree under count four of the indictment; as so modified, the judgment is affirmed.

On May 7, 2008, during an argument at his girlfriend's apartment, the defendant fired a gun five times, killing Tajmere Clark and injuring Mary Lee Clark, Lorenzo Warren, and Shatashia Lewis. After a jury trial, the defendant was convicted of murder in the second degree with respect to Tajmere Clark, attempted murder in the second degree with respect to Lorenzo Warren, and assault in the first degree with respect to Mary Lee Clark (count four) and Shatashia Lewis (count five). Upon sentencing the defendant, the Supreme Court ordered that all of the sentences run consecutively.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each count on which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant did not preserve for appellate review his contentions regarding the prosecutor's summation (see CPL 470.05 [2]; People v Dien, 77 NY2d 885 [1991]; People v Nuccie, 57 NY2d 818 [1982]; People v Li, 11 AD3d 483 [2004]). In any event, the remarks that the defendant now claims to have been improper did not deprive him of his right to a fair trial (cf. CPL 470.15 [6] [a]).

The defendant's claim, raised in his pro se supplemental brief, that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus

constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentences must be modified, as the People correctly concede. The evidence established that the defendant's murder of Tajmere Clark and assault on Mary Lee Clark were committed by separate and distinct acts, so the sentences imposed on those two counts were properly ordered to run consecutively to each other (*see* Penal Law § 70.25; *People v Laureano*, 87 NY2d 640, 643 [1996]). By contrast, the evidence failed to establish that the acts constituting the attempted murder of Lorenzo Warren and assault on Shatashia Lewis were separate and distinct from each other and from the crimes committed against Tajmere Clark and Mary Lee Clark. Consequently, the imposition of consecutive sentences for the crimes against Warren and Lewis was improper, and we modify the judgment accordingly (*see People v Jones*, 41 AD3d 507, 508-509 [2007]). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.