Per Curiam.

Plaintiff was injured when she fell on a stairway in defendant’s theatre. She had attended a matinee performance and was on her way out of the theatre at the time of the accident. There was testimony that when plaintiff and her companions reached the lower landing of the stairway the overhead ceiling light was out. There was a wall light having a lighted 60-watt bulb and two decorative wall brackets, with six lighted 25-watt bulbs in each. The plaintiff testified, however, that the state of the lighting was such that it caused shadows to fall upon the steps, and that when she reached the landing turn and placed her foot where she thought there was a step, she missed the step, lost her balance and fell to the bottom of the stairs. She testified that there was a shadow on the step which was wider than the step, and. that it was partially upon this shadow that she placed her foot having mistaken it for the step. The jury returned a verdict for the defendant. In our judgment, such verdict must be set aside and a new trial granted for error in the charge.
Section C26-743.0 of the Administrative Code of the City of New York provides that “ Every portion of any special occupancy structure devoted to the use or accommodation of the public, including all means of exit leading to the streets and all courts, corridors and passageways, shall be properly lighted during every performance and shall remain lighted until the entire audience has left the premises.” It is clear that an ordinance, such as section C26-743.0, designed for the safety and protection of the public, imposes a positive duty, the violation of which is evidence of negligence (Teller v. Prospect Heights Hosp., 280 N. Y. 456, 460; Carlock v. Westchester Light. Co., 268 N. Y. 345, 349; Blakstad v. International Tel. Bldg. Corp., 271 App. Div. 1002, motion for leave to appeal denied 297 N. Y. 1032). The duty is absolute, and the breach thereof is evidence of negligence without regard to whether or not the defendant had notice of his violation. In the present case, however, the Trial Judge erroneously charged the jury that “ assuming that you find that the light was out, [defendant] was entitled to reasonable notice of the fact that the light was out, and to have a reasonable time within which to correct that defect.” It is true that later in the charge, and on request, the Judge instructed the jury that 11 the duty of the defendant to provide adequate light is an absolute duty imposed upon *501 them by the Administrative Code and the law But, we are unable to conclude that this subsequent charge cured the error previously committed so that the jury deliberated on the case and rendered its verdict with a complete and accurate understanding of the applicable law. The Trial Judge at no time withdrew his prior erroneous instruction. “ To obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it.” (Chapman v. Erie Ry. Co., 55 N. Y. 579, 587; see, also, Phillips v. New York Cent, & H. R. R. R. Co., 127 N. Y. 657, 658; Sinica v. New York Rys. Co., 190 App. Div. 727, 733.) Moreover, where a case is submitted to the jury upon two charges, one erroneous and one correct, and it is not possible to tell upon which alternative of the charge the jury founded its verdict, it must be set aside (Stewart v. Newbury, 220 N. Y. 379, 385; Black v. Brooklyn City R. R. Co., 108 N. Y. 640, 642; Schafer v. Norwood Equip. Corp., 277 App. Div. 933). In this case it is impossible to tell whether- the jury exculpated the defendant because it found the lighting was adequate, or because it found that though the lighting was inadequate the defendant had no reasonable notice of the condition and no reasonable opportunity to correct it. Whatever corrective effect the requested charge might have had was completely destroyed by the final charge made at defendant’s request, just before the jury retired for deliberation, in which the Trial Judge said “ the only proof of constructive notice in this case is the length of time it took the plaintiff and her witnesses to go from the top of the first set of stairs down to the landing.”
The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgments reversed, etc.