■ SHELLY SAFDIE, Individually and as Administratrix of the Estate of MARK SAFDIE, Deceased, and as Parent and Natural Guardian of SHARON J. SAFDIE and Another, Infants, et al., Appellants, et al., Plaintiff, v CITY OF NEW YORK, Respondent, et al., Defendants.—In an action to recover damages for wrongful death and conscious pain and suffering, the appeal is from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated July 22, 1986, as, upon a jury verdict, was in favor of the defendant City of New York and against the appellants.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the appellants are granted a new trial of their claims against the City of New York.

The trial court instructed the jury that if it found that the deceased's negligence caused or contributed to his death in a material way, the appellants may not recover, regardless of whether that negligence was great or slight. This instruction was clearly erroneous (see, CPLR 1411). Though the court properly instructed the jury, in its supplemental charge, that

negligence on the deceased's part would not prevent recovery by the appellants but would only reduce the amount of damages, this did not serve to obviate the erroneous instruction, since that instruction was not "withdrawn and corrected in such explicit terms as to preclude an inference that the jury might have been influenced by it (see *Smulczeski v City Center of Music & Drama,* 3 NY2d 498; *Wunderlich v Hipper,* 35 AD2d 733; *Tropp v Equitable Life Assur. Soc. of U. S.,* 180 Misc 1072)" *(Thrower v Smith,* 62 AD2d 907, 913, *affd* 46 NY2d 835). The confusing nature of the charge precludes us from declaring this error harmless *(see, Russo v Osofsky,* 112 AD2d 926).

Reversal is also required because the trial court refused to give a missing witness charge with respect to Dr. Elliot Gross, who at the time of the incident and the trial was Chief Medical Examiner of the City of New York, and was one of the doctors who performed an autopsy on the deceased. As an employee he was under the control of the respondent *(see, Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647).* In addition, he was in a position to give substantial, and not merely cumulative, evidence regarding an important issue in this case—the cause of the deceased's death. Although the autopsy report Dr. Gross prepared was admitted in evidence, the cause of death listed thereon was not anatomical and required some explanation from the author. The respondent having failed to establish that Dr. Gross was not under its control, the trial court erred in refusing to grant the appellants' request for a missing witness charge. It should be noted that this error was not rendered harmless by the fact that the appellants' attorney was permitted to comment on Dr. Gross's absence during summation, as a suggestion by counsel during summation is not an adequate substitute for an instruction by the court.

Finally, we note that the appellants' contention that the trial court erred in charging the jury on justification when their theory of recovery was grounded in negligence is without merit.

In light of the foregoing, we decline to reach the remaining issues raised by the appellants. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.