■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN MOORE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered March 31, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered August 2, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's allegation that he was deprived of a fair trial due to an improper jury charge is groundless. The defendant failed to raise any objection to the charge after it had been given, and indeed the defendant's attorney stated that he had none. Therefore, the matter having not been objected to, was not preserved for appellate review (CPL 470.05 [2]; People v Chin, 67 NY2d 22; People v Melvin, 128 AD2d 647). In any event his allegation of error in the jury instruction is unfounded. The statute defining burglary in the second degree requires only an intent to commit "a crime" (Penal Law § 140.25). Since the indictment did not specify any particular crime the defendant intended to commit upon entry into the subject premises, the People were not obliged to establish any specific crime (see, People v Mackey, 49 NY2d 274). Eyewitness accounts of the defendant's unlawful entry, departure and subsequent getaway are sufficient circumstan-

tial evidence from which the jury could infer the defendant's general criminal intent *(see, People v Bachert,* 102 AD2d 904). Accordingly, no error was committed in the charge.

We have considered the defendant's contentions in his *pro se* supplemental brief and find them to be without merit. Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.