OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Following the shooting death of a fellow party-goer in 1990, defendant was charged with two counts of second degree murder, intentional murder and depraved indifference murder, under a theory of acting in concert, and one count each of criminal possession of a weapon in the second and third degrees. The verdict sheet listed count one as intentional murder, count two as first degree manslaughter, a lesser included offense of intentional murder, count three as depraved indifference murder, and count four as second degree manslaughter, a lesser included offense of depraved indifference murder.
The court instructed the jurors that counts one and two were to be considered in the alternative, as were counts two and three; thus, it obliged the jury to consider its verdict on first degree manslaughter before considering its verdict on second degree depraved indifference murder. After deliberating, the jurors returned to the courtroom and asked for the charges to be defined, whether count three was a "worse” crime than count two, and whether they could convict on both counts two and three. The court answered the last question by stating "[y]es, it can be 'guilty’ or 'not guilty’ as I gave it to you on that sheet.” It also advised the jury not to consider which crime was the worse. The court recessed for dinner and after the dinner recess, before supplemental instructions were *893 given, the prosecutor requested the court to alter the charge to avoid a possible repugnant verdict. The court denied the prosecutor’s request and reinstructed the jury on the counts and the elements of each.
The next day, the court itself expressed concern over a possible repugnant verdict, and declared its intent to give the jury a new verdict sheet. Defense counsel objected, maintaining that it was improper to attempt to correct a possibly repugnant verdict solely by changing the verdict sheet without recharging the jury. Nevertheless, the court summoned the jury and provided it with a new verdict sheet correctly instructing the jury on the order in which it should consider the counts and stated that the jury should now “approach this a little differently.” The court did not instruct the jury on inconsistent verdicts, nor did it explain that it had incorrectly answered the jury’s earlier question when it advised the jurors they could find defendant guilty of both count two and count three. The jury subsequently requested a recharge on every count except that of intentional murder.
After the weekend recess, the court recharged the jury at length, reminding them to consider first degree manslaughter, “an intentional crime,” only if they first acquitted defendant of depraved indifference murder, “a reckless crime.” It did not inform the jury that the two mental states were contradictory and that that was the reason they could not convict for both offenses. After further deliberations, the jury again requested instructions on “the difference between depraved indifference and recklessness” and acting in concert. After receiving a further instruction, the jury returned a verdict finding defendant guilty of depraved indifference murder.
CPL 300.40 (5) provides that if the court submits to the jury two inconsistent counts of an indictment, either of which would be supported by legally sufficient trial evidence, the court may submit them in the alternative and advise the jury to convict of one or the other. “In such case, the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other.” The statute does not direct the trial court to instruct the jury why the counts are inconsistent — or, indeed, even to explicitly instruct the jury that the counts are inconsistent— but only to instruct the jurors that a verdict of guilty on one such count requires a verdict of not guilty on the other.
Here, the trial court not only failed to direct the jury as mandated by CPL 300.40 on the original verdict sheet, it *894 explicitly misinstructed the jurors, when questioned, by informing them that they could convict on both intentional manslaughter and depraved indifference murder. It eventually furnished a corrected verdict sheet, which properly directed the jury on the order of its deliberations, and also orally told the jurors "the second count as I gave it to you of course will not be considered until after the third count”. It did not explain that a verdict of guilty on either intentional manslaughter or depraved indifference murder required a verdict of not guilty on the other, although that was the effect of the directions on the amended verdict sheet. In short, although the court’s instructions were incorrect and its efforts to correct them confusing, ultimately the court did supply the jury with an adequate road map to a proper application of the law of lesser included and alternative offenses, and specifically reminded it that they could not consider first degree manslaughter unless they had first acquitted defendant of depraved indifference murder. Thus, the court technically complied with the requirement of CPL 300.40 (5).
Nevertheless, the correction of the original charge came after the jury had begun its deliberations and the error cannot be ignored because there is simply no way to determine if the jury continued to be influenced by an erroneous instruction on a material point. In Smulczeski v City Ctr. of Music & Drama (3 NY2d 498), the trial court had erroneously charged the jury on the nature of the duty imposed by a statutory provision; later in the charge, the court instructed the jury properly. On appeal, we found it impossible to conclude "that this subsequent charge cured the error previously committed so that the jury deliberated on the case and rendered its verdict with a complete and accurate understanding of the applicable law” (id., at 501). We particularly noted that "[t]he Trial Judge at no time withdrew his prior erroneous instruction,” and we stated that " '[t]o obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it’ ” (id., quoting Chapman v Erie Ry. Co., 55 NY 579, 587).
The need for clarity is even more important when the error is corrected after the jury has begun deliberating under the erroneous instruction. Defendant contends that the jury’s original question whether it could convict of both intentional manslaughter and depraved indifference murder indicated *895 that the jury, at this point in its deliberations, had already decided that defendant was guilty of intentional manslaughter. Based on the original verdict sheet, the jury may well have deliberated on intentional manslaughter and concluded defendant was guilty and, before moving on to consider depraved mind murder, posed its question to the court. At the time the jury asked the trial court which crime was "worse”, a question which could be read to suggest that the jury wanted to convict defendant of both offenses but, if the answer to whether it could in fact do so was "no”, then it intended to convict defendant of the more heinous offense. Inasmuch as it is impossible to determine the basis for the jury’s verdict, there must be a reversal.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.