■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH L. DEGRAFFENREIDT, Appellant. [658 NYS2d 357] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered March 4, 1994, convicting him of attempted murder in the second degree, assault in the first degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case involves the repeated stabbing of an elderly woman in her home and the theft of her car. In its initial charge, the court instructed the jury on five counts, including, *inter alia,* attempted murder in the second degree, two counts of assault in the first degree (intentional and depraved indifference), and assault in the second degree as a lesser included offense of intentional assault. Although the court explained the incompatibility of finding the defendant guilty of intentional assault

and depraved indifference assault, it failed to explain that convictions for both attempted murder and depraved indifference assault would be incompatible. The jury initially found the defendant guilty of attempted murder and of both reckless and depraved indifference assault, but not guilty of intentional assault. The trial court refused to record the verdict as to these counts, and resubmitted the first four counts with instructions explaining the incompatibility of finding that a defendant attempted a murder and committed an assault recklessly.

Contrary to the defendant's contention, the trial court's resubmission of the first four counts to the jury with instructions explaining the inconsistency in the verdict was proper (*see,* CPL 310.50; *People v Abreu,* 184 AD2d 707; *cf., People v Harrison,* 85 NY2d 891).

The trial court did not improvidently exercise its discretion in adjudicating the defendant a persistent felony offender (*see, People v Staton,* 235 AD2d 560; CPL 400.20). Furthermore, the defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.