■ MacNamara-Carroll, Inc., Respondent, v James R. Delaney, Appellant. [666 NYS2d 264] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Ellison, J.), entered October 8, 1996 in Chemung County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered December 27, 1996 in Chemung County, which denied defendant's motion to set aside the verdict.

In May 1984, plaintiff, a corporate insurance agency in the business of soliciting, selling and servicing insurance, hired defendant as a sales representative. From that time until January 1994, defendant operated under plaintiff's insurance broker's license and, pursuant to a compensation agreement which was negotiated each year, he received a base salary, which was computed using his production for the prior year, as well as commissions for completed sales. Although offered the opportunity to do so in 1989 or 1990, defendant did not enter into a written employment contract with plaintiff until early January 1994. Included therein were provisions that defendant had to work exclusively for plaintiff and that, in the event of defendant's termination or withdrawal, plaintiff would purchase defendant's book of business.

In late July 1994, plaintiff terminated defendant's employment and thereafter commenced this action seeking, *inter alia,* rescission of the written employment contract and recovery of

certain referral commissions which defendant had allegedly wrongfully acquired. The gravamen of plaintiff's action was that, from May 1989 to April 1992 while employed by plaintiff, defendant had covertly accepted 42 commission checks totaling $46,000 from Graham & Newton, a property and casualty insurance agency. According to plaintiff, the commission checks were for defendant's participation in facilitating the sale of commercial property and liability insurance to one of plaintiff's former clients on behalf of Graham & Newton. Defendant counterclaimed for the damages which resulted from plaintiff's breaches of the employment and compensation agreements, including plaintiff's failure to purchase defendant's book of business.

After trial, during which defendant twice moved unsuccessfully for a directed verdict, the jury awarded plaintiff damages in the amount of $22,500 for defendant's violation of employment duties. The jury awarded defendant no damages as it found that he was guilty of fraud in the inducement with respect to the written employment contract. Defendant's motion to set aside the verdict as legally insufficient or, alternatively, as against the weight of the evidence was denied.

Defendant initially claims error with Supreme Court's failure to elaborate in its charge to the jury what proof was necessary to constitute the intent to deceive element of fraud in the inducement. As originally read to the jury, the court omitted language, which appeared in defendant's proposed instructions and the Pattern Jury Instructions for fraud (*see*, PJI 2d 3:20 [1997 Supp]), that deals with the making of false statements. As defendant was accused of concealing a fact rather than affirmatively making a false statement, we find, as did Supreme Court, the language not applicable to the circumstances herein.

Even if such language was improperly omitted, Supreme Court, in response to the jury's mid-deliberation request to rehear the instructions regarding fraud in the inducement, included an explanation of when the element of intent to deceive would be satisfied. This instruction closely mirrored portions of defendant's proposed charge regarding such element, as well as comported with portions of the Pattern Jury Instructions (*see, id.; see also, Jackson v County of Sullivan*, 232 AD2d 954, 956). It can be assumed that the jury "embraced" the reinstructions "as effectually as if the court had not previously declined to so charge [it]" (*Phillips v New York Cent. & Hudson Riv. R. R. Co.*, 127 NY 657, 658). Furthermore, we recognize that it is within the court's discretion "to give appropriate corrective or supplemental instructions applicable to the

case" even after the jury has begun its deliberations (*Carlino v County of Albany*, 178 AD2d 772, 773). In these circumstances, and given that defendant failed to make an exception to the recharge (*see, Goldberg v Wirtosko*, 182 AD2d 350), we find, contrary to defendant's contention, no reversible error in this regard. We also find that the charge, as a whole, adequately conveyed to the jury the fact that defendant had to have been under a duty to plaintiff to disclose the information which he had concealed (*see, Vasquez v Consolidated Rail Corp.*, 180 AD2d 247, 251, *lv denied* 80 NY2d 762).

We next reject defendant's claim that Supreme Court should have set aside the verdict as legally insufficient and directed a judgment in his favor dismissing plaintiff's complaint and awarding him the damages sought in his counterclaims. Based on the evidence presented, we find that it was not irrational for the jury to conclude that defendant had violated his duties of employment.

The evidence adduced at trial reveals that defendant had facilitated the referral to Graham & Newton while in the course of his attempts to re-sign the account with plaintiff and at a time when he was operating under plaintiff's broker's license. Defendant thereafter secretly obtained an individual broker's license so that he could directly receive the commissions, which were sent to him at his home over a period of three years. One of plaintiff's principals testified that it was unusual for an employee not to inform the employer that such a license had been obtained. Although during this time defendant was not prohibited from earning money from other sources, it was clear that such employment could not interfere with defendant's work for plaintiff. In addition, plaintiff's employee procedure manual, which defendant had most likely received, required employees to consult with plaintiff's principals if they were engaged in other work. Finally, defendant was aware of the common practice in the industry of agencies referring accounts to other agencies and, in return, earning referral commissions with the responsible agents receiving only a portion of such commissions by virtue of "premium dollars". This evidence supports the jury's determination that defendant had violated his employment duties by such actions and, therefore, Supreme Court did not err in denying defendant's motion to set aside such portion of the jury's verdict as legally insufficient (*see, e.g., Campbell v City of Elmira*, 84 NY2d 505; *Zalinka v Owens-Corning Fiberglass Corp.*, 221 AD2d 830, 831).

Defendant also contends that plaintiff failed to establish by clear and convincing evidence two of the elements of fraud in

the inducement—defendant failed to disclose a fact to plaintiff which he was under a duty to exercise reasonable care to disclose and by such failure to disclose such information defendant intended to deceive plaintiff—such that the verdict was legally insufficient. We disagree and, therefore, find that plaintiff was justified in considering the written employment contract void and withholding payment of the termination benefits provided therein.

In its charge and recharge, Supreme Court instructed the jury that a party to a transaction has the duty, before the transaction is consummated, "to exercise reasonable care to disclose" to the other party those matters that the other party is entitled to know "because of a fiduciary or other similar relation of trust and confidence that exists between them". Insofar as it was undisputed that defendant had been plaintiff's employee for almost 10 years prior to the time when the parties executed the written employment agreement, and plaintiff's principals had been pleased with defendant's performance throughout such time frame, a "relation of trust and confidence" existed between the parties such that the jury could rationally have concluded that defendant failed to disclose a fact which he was under a duty to disclose. Furthermore, given the evidence heretofore presented, it was a "permissible inference[ ]" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499) for the jury to conclude that defendant intended to deceive plaintiff at the time of the written employment agreement's execution by his failure to disclose his actions.

We finally conclude that Supreme Court did not err in refusing to set aside the verdict as against the weight of the evidence as the evidence did not so preponderate in favor of defendant that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Duncan v Hillebrandt*, 239 AD2d 811, 812-813). Any remaining contentions have been reviewed and found lacking in merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, without costs.