■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY C. PARO, Appellant. [724 NYS2d 531] —Mugglin, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered January 25, 2000, upon a verdict convicting defendant of the crimes of assault in the second degree, petit larceny and resisting arrest.

The evidence at trial established that on December 13, 1998, defendant, who had consumed at least one case of beer, was seen exiting a convenience store with another case of beer for which he had not paid. His theft of the beer was reported to an off-duty Cortland County Sheriff's Lieutenant who was shopping at the store. Having first verified the nonpayment with store personnel, he confronted defendant outside the store and identified himself as a police officer. Defendant fled, but was quickly apprehended and forcibly detained until the arrival of a police officer from the Village of Homer, Cortland County. During a struggle which ensued when the officers attempted to handcuff defendant, the Sheriff's Lieutenant suffered an injury to his left knee.

On this appeal, defendant urges that reversible error occurred on three occasions. First, defendant argues that the jury retired to deliberate having received erroneous and conflicting charges that intoxication is an affirmative defense—or if not, at least a defense—which defendant must prove by a preponderance of the evidence. Following defendant's objection to this portion of County Court's charge, the court interrupted the jury's deliberations and gave the jury correct instructions after candidly admitting that the former charge was incorrect and should be completely disregarded.

We begin with the well-established principle that a court has the power to give appropriate, corrective or supplemental instructions, even after deliberations have commenced (see, *People v Harrison*, 85 NY2d 891, 894; *MacNamara-Carroll v Delaney*, 244 AD2d 817, 818-819, *lv dismissed and denied* 91 NY2d 1001). However, "[t]o obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it" (*Chapman v Erie Ry. Co.*, 55 NY 579, 587). In our view, this was accomplished by County Court's candid admission of error and its clear, forceful and accurate curative charge. Further, the record reflects that insufficient time had elapsed for the jury to reach any resolution of the counts of the indictment since, following the corrective instruction, the jury requested additional instruction with respect to the first count, assault in the second degree.

Second, defendant asserts that County Court committed error when it prohibited, on relevancy grounds, defendant's alcoholism counselor from testifying as an expert witness. The admissibility and scope of expert testimony is to be determined by the trial court in the sound exercise of discretion (see, *People v Fish*, 235 AD2d 578, 579, *lv denied* 89 NY2d 1092), and the exercise of such discretion will not be disturbed on appeal absent a clear demonstration of abuse of that discretion or an error of law (see, *id.*, at 580). Whether a person exhibits signs of intoxication and the impact of intoxication on an individual's mental state is presumed to be within the ordinary experience and knowledge of jurors such that expert evidence to establish such facts is unnecessary (see, *People v Bowers*, 126 AD2d 897, 898). Thus, we find no abuse of discretion or error of law in County Court's ruling.

Finally, we find no merit to defendant's argument that County Court wrongfully refused his motion for authorization to retain an expert to testify as to the effect of defendant's brain injury (allegedly as a result of a 1994 accident) on his

ability to form the requisite intent with respect to the crimes charged. In order to successfully obtain authorization for expert testimony under County Law § 722-c, the movant must demonstrate that such services are necessary to the defense (*see, People v Carpenter*, 240 AD2d 863, 864, *lv denied* 90 NY2d 902). In our view, defendant's applications established no connection between his alleged brain injury and a defense to one or more of the charges contained in the indictment. This failure on defendant's part provides a sufficient basis for County Court's denial of the application (*see, People v Schneider*, 188 AD2d 754, 756, *lv denied* 81 NY2d 892). Moreover, such evidence was placed before the jury through the testimony of defendant's treating neurosurgeon.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.