■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MOORE, Appellant. [757 NYS2d 78] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered March 25, 1999, convicting him of burglary in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing the second count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crimes of burglary in the second degree and criminal possession of a weapon in the third degree. The defendant's intent to commit a crime in the dwelling could be inferred, inter alia,

from his conduct in forcefully breaking down more than one door at the dwelling to gain entry (*see People v Gilligan,* 42 NY2d 969 [1977]; *People v Middleton,* 140 AD2d 550 [1988]). The testimony of eyewitnesses established that the defendant possessed an operable and loaded firearm. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the prosecution did not limit its theory of burglary to one in which the defendant entered the dwelling with the intent to commit the crime of menacing. Thus, the County Court was not obliged to hold the prosecution to that narrow theory (*see People v Moore,* 139 AD2d 676 [1988]; *cf. People v Barnes,* 50 NY2d 375, 379 [1980]). Moreover, the County Court, in correcting its charge as to burglary, withdrew the prior erroneous charge in such explicit terms as to preclude the inference that the jury might have been influenced by it. Thus, a new trial is not warranted on that basis (*cf. People v Harrison,* 85 NY2d 891, 894 [1995]; *Smulczeski v City Ctr. of Music & Drama,* 3 NY2d 498, 501 [1957]).

The defendant correctly argues that the crime of criminal possession of a weapon in the fourth degree is a lesser-included offense of criminal possession of a weapon in the third degree (*see People v Menchetti,* 76 NY2d 473, 478 [1990]; *People v Miller,* 266 AD2d 479, 480 [1999]). Since the defendant was convicted of criminal possession of a weapon in the third degree, his conviction of criminal possession of a weapon in the fourth degree as a lesser-included offense should have been dismissed (*see* CPL 300.40 [3] [b]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Crane, Cozier and Rivera, JJ., concur.