■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HICKS, Appellant. [858 NYS2d 910]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 12, 2006, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that he entered the complainant's building with the intent to commit a crime therein (*see* Penal Law § 140.25 [1]; *Matter of Dexter A.*, 208 AD2d 720, 720-721 [1994]; *People v McCrea*, 194 AD2d 742, 743-744 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Moore*, 303 AD2d 691, 692 [2003]; *People v Moore*, 139 AD2d 676 [1988]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. JONES, Appellant. [858 NYS2d 906]—Appeal by the defendant from two judgments of the County Court, Orange County (DeRosa, J.), both rendered January 27, 2007, convicting him of forgery in the second degree and grand larceny in the fourth degree under indictment No. 06-00131, and burglary in the third degree (four counts), under indictment No. 06-00547, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.