People v Cherry (2025 NY Slip Op 02930)

People v Cherry

2025 NY Slip Op 02930

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-09486
 (Ind. No. 70668/21)

[*1]The People of the State of New York, respondent,
v
Nailah Cherry, appellant.

Charles E. Holster III, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and John B. Latella III of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered October 11, 2023, convicting her of burglary in the first degree (two counts), burglary in the third degree, assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of burglary in the first degree under counts 1 and 2 of the indictment, burglary in the third degree under count 5 of the indictment, assault in the first degree under count 7 of the indictment, assault in the second degree under counts 8 and 9 of the indictment, and criminal possession of a weapon in the fourth degree under count 11 of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on those counts of the indictment.
The defendant stabbed the complainant in the abdomen and wrist with a pocketknife during an altercation in the complainant's home. The defendant's and the complainant's accounts of the altercation varied at trial, as did the accounts of witnesses who were in the complainant's home at the time. The complainant testified, among other things, that the defendant burst into her home in the middle of the night after sending numerous text messages threatening physical violence. The complainant told the defendant to leave, and the defendant grabbed her by the neck and slammed her onto a table in the kitchen, choking her. The complainant and the defendant were separated and the complainant left the kitchen, at which point the defendant followed the complainant out of the kitchen and stabbed her with a pocketknife. The defendant testified that she had sent the complainant numerous text messages and made several phone calls to her during the evening leading up to the altercation, and that the complainant had invited her over. The defendant also testified that she stabbed the complainant in the kitchen of the complainant's home in self-defense, after the complainant first grabbed a knife from a knife block on the kitchen counter.
Defense counsel raised a justification defense at trial on the ground that the complainant was the first person to use deadly physical force in the altercation, and requested that the Supreme Court instruct the jury "on the law of justification." The court's initial instructions to [*2]the jury charged the justified use of ordinary physical force, without objection by defense counsel. During deliberations, the court received a jury note requesting "clarification . . . on the nature and burden of justification." After a bench conference, the court recharged justification, this time by instructing the deliberating jury on the justified use of deadly physical force. However, over defense counsel's objection, the court did not instruct the jury to disregard its initial instruction charging the justified use of ordinary physical force. After further deliberations, the jury returned a verdict finding the defendant guilty of two counts of burglary in the first degree, one count of burglary in the third degree, one count of assault in the first degree, two counts of assault in the second degree, one count of criminal possession of a weapon in the fourth degree, and one count of aggravated harassment in the second degree.
The Supreme Court committed reversible error by giving a justified use of deadly physical force charge to the deliberating jury without expressly withdrawing the prior ordinary physical force justification charge. "'[T]o obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it'" (People v Harrison, 85 NY2d 891, 894 [internal quotation marks omitted], quoting Smulczeski v City Ctr. of Music & Drama, 3 NY2d 498, 501; see Chapman v Erie Ry. Co., 55 NY 579, 587; Safdie v City of New York, 138 AD2d 361). "[W]here a case is submitted to the jury upon two charges, one erroneous and one correct, and it is not possible to tell upon which alternative of the charge the jury founded its verdict, it must be set aside" (Smulczeski v City Ctr. of Music & Drama, 3 NY2d at 501; see People v Harrison, 85 NY2d at 894).
Here, the Supreme Court's initial jury instruction charging the justified use of ordinary physical force was erroneous under the circumstances. As the People acknowledge on appeal, the only possible justification defense available to the defendant based on the evidence presented at trial would have been a charge of justified use of deadly physical force (Penal Law § 35.15[2]; see People v Vega, 33 NY3d 1002, 1004-1005). Although the court eventually furnished a proper charge on the justified use of deadly physical force to the deliberating jury, it did not withdraw its previous justification instruction, thereby leaving the jury with competing charges on a material issue. Under these circumstances, it is not possible to conclude that the jury rendered its verdict with a complete and accurate understanding of the applicable law. "Inasmuch as it is impossible to determine the basis for the jury's verdict, there must be a reversal" (People v Harrison 85 NY2d at 895; see People v Lourido, 70 NY2d 428; People v La Susa, 87 AD2d 578; see also People v Kelly, 302 NY 512, 517; cf. People v Moore, 303 AD2d 691).
However, as the defendant's justification defense was applicable only to her convictions of burglary in the first degree, burglary in the third degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, we remit the matter to the Supreme Court, Nassau County, for a new trial as to those counts only.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court