People v Fishbein (2025 NY Slip Op 02996)

People v Fishbein

2025 NY Slip Op 02996

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Ind No. 3988/16|Appeal No. 4405|Case No. 2019-5701|

[*1]The People of the State of New York, Respondent,
v
Michael Fishbein, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Samuel Barr of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham Clott, J. at pretrial motion; Melissa C. Jackson, J. at trial and sentencing), rendered March 28, 2018, convicting defendant, of assault in the second degree, theft of services, obstructing governmental administration in the second degree, and criminal trespass in the third degree, and sentencing him to an aggregate term of five years, unanimously reversed, on the law and the facts, and the matter remanded for a new trial.
On three occasions during jury selection, the trial court, in attempting to address the relationship between the principle that a defendant's credibility is to be assessed in the same manner as that of any other witness and the presumption of innocence, made legally incorrect statements to the prospective jurors to the effect that defendant would lose the presumption of innocence if he testified at trial. Among other things, the court stated that the presumption of innocence "no longer lies" when a defendant chooses to testify, and, even more directly, that "[o]nce the defendant takes the stand there is a different burden." Notwithstanding that the court instructed the trial jury accurately and at length with regard to the presumption in its preliminary instructions, in another instruction at a break in the testimony of the first witness, and in its closing instructions, the court did not satisfy the requirement, clearly enunciated in People v Harrison (85 NY2d 891 [1995]), that "to obviate an erroneous instruction upon a material point, it must be withdrawn in such explicit terms as to preclude the inference that the jury might have been influenced by it" (id. at 894 [internal quotation marks omitted]). A withdrawal in explicit terms cannot be accomplished without acknowledging the erroneous instruction, identifying the error, and providing a correct instruction (id.; see e.g. People v Paro, 283 AD2d 669, 670 [3d Dept 2001], lv denied 96 NY2d 922 [2001]). Regardless of the People's arguments that hearkening back to erroneous instructions would have been confusing, reversal is required because the court did not satisfy the requirements of Harrison.
Further, the court improvidently exercised its discretion, under the standard set forth in People v Smith (27 NY3d 652 [2016]), in not permitting cross-examination regarding the underlying facts of a civil suit, in which a testifying police officer in the present case was a defendant alleged to have shot the plaintiff in the leg in that case after he was subdued by police officers. The existence of the suit provided a "good faith basis for inquiring," and the allegations of excessive force were "relevant to the credibility of the law enforcement witness" (id. at 662). In light of the principle "that the right of cross-examination is implicit in the constitutional right of confrontation and helps assure the accuracy of the truth-determining process" (id. at 659), the seriousness of the allegation that the officer accidentally shot a [*2]suspect in the leg was sufficient to allow inquiry into the facts underlying the lawsuit.
Defendant's Brady arguments based on information regarding the officer's disciplinary history that came to light after conviction are unreviewable as based on evidence outside the record. However, on the present record, we find that the court should have granted defendant's motion pursuant to People v Gissendanner (48 NY2d 543 [1979]) to the extent of conducting an in camera review of the officer's disciplinary record, rather than forbidding all cross-examination regarding the allegations in an underlying civil suit. Under People v Gissendanner, a defendant need not "make a preliminary showing that the record actually contains information that carries a potential for establishing the unreliability of either the criminal charged or of a witness upon whose testimony it depends" (id. at 550). The defendant's motion should be granted when the defendant "put[s] forth in good faith . . . some factual predicate which would make it reasonably likely that the file will bear such fruit and that the quest for its contents is not merely a desperate grasping for straws" (id.). Here, defendant alleged that the officer inflicted pain on him by twisting his wrist when he was already subdued, and the defense learned of two lawsuits in which the officer was alleged to have engaged in similar conduct. Under these circumstances, it cannot be concluded that "defendant failed to demonstrate any theory of relevancy and materiality" or that he merely engaged
in a fishing expedition in the "hope that the unearthing of some unspecified information would enable him to impeach the witness" (id. at 549).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025